IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY JILL HAMPTON | CIVIL ACTION |
| Plaintiff | NO. 2:24-cv-00911-WSH |
| v. | Judge W. Scott Hardy |
| ALSTOM TRANSPORTATION, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**REPORT OF COUNSEL PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

AND NOW, come the parties, by and through their respective counsel, and hereby file the following Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), representing in support thereof as follows:

1. **Identification of counsel and unrepresented parties:**

*Counsel for Plaintiff*

Christine T. Elzer
Tamra K. Van Hausen
Elzer Law Firm, LLC
960 Penn Avenue, Suite 1001
Pittsburgh, PA 15222
Tel: (412) 230-8436
Fax: (412) 206-0855
celzer@elzerlaw.com
tvanahusen@elzerlaw.com

*Counsel for Defendant:*

Christopher K. Ramsey
Alexa R. Beining
Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219
Tel: (412) 560-3323
Fax: (412) 560-7001
christopher.ramsey@morganlewis.com
alexa.beining@morganlewis.com

Catherine S. Houseman
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5003
Fax: (215) 963-5000
cait.houseman@morganlewis.com

2. **Set forth the general nature of the case:**

   Plaintiff claims that Defendant discriminated and retaliated against her in violation of Title VII (sex and national origin) and the ADEA when it failed to promote her and terminated her employment. Defendant denies these allegations.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held on Monday, August 26, 2024. Christine T. Elzer and Tamra K. Van Hausen attended on behalf of Plaintiff and Christopher K. Ramsey and Catherine S. Houseman attended on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   September 9, 2024 – 11:30 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   No dispositive motions pursuant to Fed. R. Civ. P. 12 have been filed or are anticipated at this time.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The Parties are exploring participating in conciliation with the Pittsburgh Commission on Human Relations (PghCHR) to resolve this matter.  The PghCHR has not yet provided details or a date for conciliation.  Should conciliation be unsuccessful, the Parties have agreed that they will need to take and exchange limited discovery before revisiting ADR options.  Following that limited discovery, the Parties plan to participate in a mediation with The Honorable Lisa Lenihan.  The Parties are in the process of scheduling that mediation, which they expect to occur in early 2025.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. 26(a) disclosures, whether such changes is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The Parties propose for initial disclosures to be exchanged on or before September 23, 2024.

8. **Subjects on which fact discovery may be needed:** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   1. The facts surrounding Plaintiff's claims of discrimination – sex, national origin and age;
   2. The facts surrounding Plaintiff's claims of retaliation;
   3. The facts surrounding Plaintiff's claims of Defendant's failure to promote her;
   4. The facts surrounding Defendant's reason for termination;
   5. The facts surrounding Plaintiff's work performance;
   6. Damages, including mitigation.

   Further, the Parties anticipate that discovery will include the exchange of initial disclosures, written discovery and depositions of Plaintiff and of multiple current and/or former employees of Defendant.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   September 23, 2024

   b. **Date by which any additional parties shall be joined:**

   December 9, 2024

   c. **Date by which the pleadings shall be amended:**

   December 9, 2024

   d. **Date by which fact discovery should be completed:**

   March 10, 2025

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

   Not applicable

   f. **Date by which plaintiff's expert reports should be filed:**

   To be determined following fact discovery

      g.    **Date by which depositions of plaintiff's expert(s) should be completed:**

           To be determined following fact discovery

      h.    **Date by which defendant's expert reports should be filed:**

           To be determined following fact discovery

      i.    **Date by which depositions of defendant's expert(s) should be completed:**

           To be determined following fact discovery

      j.    **Date by which third party expert's reports should be filed:**

           Not applicable

      k.    **Date by which depositions of third party's expert(s) should be completed:**

           Not applicable

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

           None.

11.    **Please answer the following questions in regard to discovery of electronically stored information ("ESI"):**

      a.    **ESI**:  Is either party seeking the discovery of ESI in this case?

            X Yes  ____ No

      b.    **ESI Discovery Plan**:  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

           The Parties have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by the end of fact discovery.

      c.    **Preservation**:  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

☐ Yes X No

    **d.**    **ADR**:  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

X Yes ☐ No

Parties agreed to limited document discovery prior to mediation.

    **e.**    **Clawback Agreement**:  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X    Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

☐    Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

☐    Are unable to agree on appropriate non-waiver language.

    **f.**    **EDSM and E-Mediator**:  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

☐    Yes    X    No

    **g.**    **Other**:  Identify all outstanding disputes concerning any ESI issues:

None at this time

**12.**    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing**

        **any coverage shall be available throughout the Conference by telephone):**

The parties elect to have the Court schedule a post-discovery status conference following the completion of discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    The Parties will provide a proposed stipulated protective order.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    N/A

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    N/A

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    Plaintiff and Defendant mediated this matter before the EEOC, but were unable to reach a resolution.

|  | Respectfully submitted, |
|---|---|
| **Morgan, Lewis & Bockius LLP** | **Elzer Law Firm, LLC** |
| /s/ Christopher K. Ramsey | /s/ Christine T. Elzer |
| Christopher K. Ramsey | Christine T. Elzer |
| Pa I.D. No. 63293 | Pa. ID No. 208157 |
| Alexa R. Beining | Tamra K. Van Hausen |
| Pa. I.D. No. 330371 | Pa. ID No. 330577 |
| One Oxford Centre | 960 Penn Ave, Suite 1001 |
| Thirty-Second Floor | Pittsburgh, PA 15222 |
| Pittsburgh, PA 15219 | (412) 230-8436 |
| (412) 560-3300 | (412) 206-0855 (fax) |
| christopher.ramsey@morganlewis.com | celzer@elzerlaw.com |
| alexa.beining@morganlewis.com | tvanhausen@elzerlaw.com |
| | |
| Catherine S. Houseman | Attorneys for Plaintiff |
| Pa. I.D. No. 328740 | |
| 2222 Market Street | |
| Philadelphia, PA 19103 | |
| (215) 963-5003 | |
| cait.houseman@morganlewis.com | |
| | |
| Attorneys for Defendant | |